FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
602.257.0135 Phone
602.954.8737 Fax
bf@federlawpa.com
Bruce Feder, State Bar No. # 00432

BAILEY & GALYEN
1300 Summit Avenue, Ste. 650
Fort Worth, Texas 76102
(817) 276-6000 Phone
(817) 276-6010 Fax
smaxwell@galyen.com
Stephen C. Maxwell, Texas State Bar No. 13258500 (pro hac vice)
*Attorneys for Cross-Claimant Alfred Green*

## UNITED STATES DISTRICT COURT
## ARIZONA DISTRICT

ZAKEEIUS LEGGIONS, INDIVIDUALLY AND ON BEHALF OF THE STATUTORY BENEFICIARIES OF SOPHIA GREEN, DECEASED,

    Plaintiff,

v.

YONGCHAU CHEN AND JANE DOE CHEN, HUSBAND AND WIFE; TENGFEI TRUCKING, INC., A FOREIGN CORPORATION; BIG BROTHER TRUCKING, INC., A FOREIGN CORPORATION; ALFRED GREEN; CONTRACT FREIGHTERS, INC., A FOREIGN CORPORATION; JOHN AND JANE DOES 1-5; AND ABC

NO. 3:21-cv-08057-JJT

ALFRED GREEN'S ~~ORIGINAL~~ **FIRST AMENDED** CROSS-COMPLAINT FOR DAMAGES

CORPORATIONS 1-5,

    Defendants,

_____

BIG BROTHER TRANSPORTATION, INC.,

    Cross-Claimant,

V.

TENGFEI TRUCKING, INC.,

    Cross-Defendant,

 

ALFRED GREEN,

    Cross-Claimant,

v.

YONGCHAU CHEN AND JANE DOE CHEN, HUSBAND AND WIFE; TENGFEI TRUCKING, INC., A FOREIGN CORPORATION; BIG BROTHER ~~TRUCKING~~TRANSPORTATION, INC., A FOREIGN CORPORATION; JOHN AND JANE DOES 1-5; AND ABC CORPORATIONS 1-5,

    Cross-Defendants.

      COMES NOW Cross-Complainant Alfred Green, by and through his attorneys undersigned, and makes and files this his Original Cross-Claim complaining of Cross-Defendants, Yongchau Chen (hereinafter "Chen") and Jane Doe Chen, Husband and Wife (hereinafter collectively, the "Chens"); Tengfei

2

Trucking, Inc. (hereinafter, "Tengfei"), Big Brother ~~Trucking~~Transportation, Inc. (hereinafter, "Big Brother") and, and John and Jane Does 1-5 and ABC, Corporations 1-5, and would show unto the Court the following:

## I.
## PARTIES AND SERVICE

1.     Cross-Claimant was at all times relevant to this action a resident of Bolivar County, Mississippi.  Cross-Claimant was the husband of Sophia Lorraine Green, who passed away as a result of the incident in question.

2.     Alfred Green is a statutory beneficiary under ARS§12-612.

3.     Cross-Defendants Yongchau Chen and Jane Doe Chen are individuals who resided in San Gabriel, California at the time this cause of action arose.  They may be served with citation though their counsel of record, James Wees, WEES LAW FIRM, at 3216 North 3rd St., Suite 201, Phoenix, Arizona 85012.

4.     At all times relevant hereto, Cross-Defendant Yongchau Chen was acting individually and on behalf of the marital community, if any, of Cross-Defendant Yongchau Chen and Jane Doe Chen, whose name is unknown to the Cross-Claimant.

5.     Cross-Claimant is informed, believes, and therefore alleges that Cross-Defendant Tengfei Trucking, Inc. is a motor carrier doing business in the state of California, and which made use of the roads and highways of the United States,

including the State of Arizona, where the incident in question occurred.  It can be served though its counsel of record, James Wees, WEES LAW FIRM, at 3216 North 3rd St., Suite 201, Phoenix, Arizona 85012.

6.      Cross-Claimant is informed, believes, and therefore alleges that Cross-Defendant Big Brother Transportation, Inc., previously named incorrectly as Big Brother Trucking, Inc., is a motor carrier doing business in the state of California, and which made use of the roads and highways of the United States, including the Statestate of Arizona, where the incident in question occurred.  It can be served through its counsel of record, Clarice Spicker at 40 North Central Avenue, Suite 2700 Phoenix, AZ  85004The aforesaid Defendant has already answered and appeared and is otherwise before this Court.

7.      John and Jane Does 1-5 and ABC, Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Cross-Claimant requests leave to amend this pleading when that information is discovered.

**II.**
**VENUE AND JURISDICTION**

8.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a) because Cross-Claimant and Cross-Defendants are citizens of different U.S. states and/or foreign state citizens, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Venue is proper in this district under 28 U.S.C.

4

§1391(b)(2) because a vehicle wreck given rise to this claim occurred in this district. More specifically, the vehicular collision made the basis of this suit occurred in Apache County, Arizona.

## III.
## STATUS OF THE CROSS-CLAIMANT

9.      Alfred Green brings this lawsuit in his own name for his own injuries and damages, as will be more fully set forth hereafter. Cross-Claimant is also a statutory beneficiary under ARS§12-612. Cross-Claimant also brings this lawsuit for the wrongful death of his wife, to whom he was a devoted husband.

10.      Cross-Claimant asserts that the incident in question and the damages sustained by him, both in his individual capacity for his own injuries, as well as for the loss of his wife, occurred because of the careless, negligent, and grossly negligent actions of the Cross-Defendants herein.

## IV.
## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.      Cross-Defendant Tengfei Trucking, Inc. is a motor carrier that operates commercial motor vehicles on public roads across the country. Among those commercial vehicles Tengfei Trucking, Inc. operated in Arizona is a tractor-trailer, VIN: 4V4NC9EHOFN919156. Tengfei Trucking, Inc, placed Yongchau Chen behind the wheel of that tractor-trailer despite his lack of proper training in basic

safety laws, and in spite of the fact that, contrary to Federal Law, Yongchau Chen did not speak English.

12.    Cross-Defendant Big Brother Transportation, Inc. is a motor carrier that operates commercial motor vehicles and/or trailers on public roads across the country. Among those commercial vehicles Big Brother Transportation, Inc. operated in Arizona is a trailer, VIN: 4V4NC9EHOFN919156. Big Brother Transportation, Inc., placed Yongchau Chen behind the wheel of the tractor pulling that trailer despite his lack of proper training in basic safety laws, and in spite of the fact that, contrary to Federal Law, Yongchau Chen did not speak English.

13.    Upon information and belief, on March 15, 2020, Cross-Defendant Chen was operating the previously described tractor-trailer in an eastbound direction on Interstate 40 near mile marker 318, in Apache County, Arizona.  At approximately 5:00 a.m. on the date in question, as Cross-Claimant was operating his tractor-trailer also in an eastbound direction on Interstate 40 at the same location, because of the careless and negligent acts of Cross-Defendant Chen, as will be more fully described hereafter, Cross-Claimant's tractor-trailer impacted the rear of the trailer which was a part of the tractor-trailer being operated by Cross-Defendant Chen, despite making an effort to avoid striking it.

14.    Upon information and belief, Cross-Defendant Chen was operating his tractor-trailer at a speed considerably under the posted speed limit of 75 miles per

hour on this stretch of Interstate 40. There apparently was no emergency or mechanical failure of Chen's tractor-trailer, as is evident by the fact that Chen did not have his emergency flashers, or any other kind of warning devices activated at the point of collision. Cross-Claimant was unable to discern that the Chen tractor-trailer was moving at a speed that was considerably less than the speed Cross-Claimant was traveling. Hence, Cross-Claimant was unable to react in time to the position of Cross-Defendant's tractor-trailer, and despite having made an attempt to steer to the left in order the avoid striking Cross-Defendant's tractor-trailer, was unable to avoid the collision.

15. As noted above, Cross-Claimant was the driver of his tractor-trailer at the time of the impact. Cross-Claimant's wife, Sophia Lorraine Green, was in the sleeper portion of the cab at the time of the collision. As a direct and proximate result of the impact and the injuries sustained by Ms. Green, she died from those injuries some 30 minutes following the collision in question.

16. Cross-Defendant Chen, despite having been struck by the tractor-trailer operated by Cross-Claimant, left the scene of the wreck. Approximately one hour after the collision in question, and well after Arizona Department of Public Safety officers had begun an investigation of the incident in question, Cross-Defendant Chen returned to the scene of the wreck.

17. Cross-Claimant sustained serious injuries, from which he almost died,

as a direct and proximate result of the incident in question. Cross-Claimant was hospitalized in Albuquerque, New Mexico, where he was taken by helicopter ambulance from the scene of the wreck, and where he remained for more than a month after the incident.

## V.
## CROSS-CLAIMANT'S CLAIMS OF
## NEGLIGENCE AGAINST CROSS- DEFENDANTS

18.     Cross-Defendants had a duty to exercise the degree of care that a reasonably careful and prudent professional motor carrier and operator would use to avoid harm to others under similar circumstances.

19.     Cross-Claimant's injuries were proximately caused by the negligence of Chen, Tengfei, and Big Brother Transportation, Inc.

20.   The loss of Cross-Claimant's wife, Sophia, proximately resulted from the negligence of the Cross-Defendants and the careless breach of the duty owed to other persons operating vehicles in the vicinity of the incident in question, and to Cross-Claimant in particular.

21.     Chen, was at all times mentioned, an actor, agent, employee, servant and otherwise within the course and scope of his employment and agency of and with Cross-Defendants Tengfei and Big Brother, and further, was an authorized permissive user of said tractor-trailer rig.

22.     At the aforementioned time and place mentioned herein above, Cross-Defendants, and  each of them, carelessly, negligently and recklessly, entrusted, maintained, controlled, supervised, managed, drove, parked, manufactured, operated, repaired, distributed, inspected, and repaired said tractor-trailer rig and otherwise so negligently conducted themselves so as to cause said tractor-trailer rig to become involved in a collision; thereby directly and legally causing severe injuries to Cross-Claimant as well as causing the death of Sophia Lorraine Green, deceased, and causing damages to Cross-Claimant as hereinafter enumerated. Cross-Defendant Chen was further negligent and grossly negligent by his failure to adhere to the laws and rules of the State of Arizona and the Federal Motor Carrier Safety Regulations while operating the tractor trailer he was driving at the time of the incident. More specifically, Cross-Defendant Chen was negligent in operating his tractor-trailer at an unsafe speed; and entering a lane of an interstate highway at a time when the same could not been done safely; and in failing to have his flashers activated such that approaching drivers, such as Cross-Claimant, would be aware that a slow moving vehicle had pulled out into a lane of traffic on the interstate highway; and other acts of negligence, all of which were a proximate cause of the collision in question. Furthermore, and in the alternative, should the same be necessary, the independent conduct of Cross-Defendants Tengfei and Big

Brother constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    (a)    hiring and/or retaining Cross-Defendant Chen whom it knew or should have known was a reckless, unlicensed, or incompetent driver;

    (b)    failing to properly train Cross-Defendant Chen, in the safe operation of motor vehicles;

    (c)    failing to properly supervise Cross-Defendant Chen's driving activities;

    (d)    failing to establish and enforce safety rules and regulations in general, and rules and regulations regarding the use of controlled substances in particular;

    (e)    failing to properly educate, instruct and supervise Chen in the performance of his duties;

    (f)    failing to adequately train, educate, or provide instructions and orders to Cross-Defendant Chen;

    (g)    failing to provide proper safety manuals and instructions to employees on how to be responsible for the safety of other drivers; and

    (h)    failing to enforce and ensure compliance of established safety and operational rules and regulations for employees operating vehicles on their behalf.

23.    Cross-Defendants Tengfei Trucking, Inc. and Big Brother Transportation, Inc. are motor carriers and the said Cross-Defendants' tractor-trailers involved in the incident were being operated in furtherance of a commercial

enterprise.

24.    Cross-Defendants Tengfei Trucking, Inc. and Big Brother Transportation, Inc. are contract motor carriers for hire which perform services under negotiating contracts between said Cross-Defendants and other entities.

25.    Cross-Defendants Tengfei Trucking, Inc. and Big Brother Transportation, Inc. were interstate motor carriers at the times relevant to this cross claim.

26.    Cross-Defendants Tengfei Trucking, Inc. and Big Brother Transportation, Inc. were carrying interstate freight at the times relevant to this cross claim.

27.    The Federal Motor Carriers Safety Administration (FMCSA) regulations under CFR, Title 49, Parts 382-399, apply to these Cross-Defendants and the violation of those regulations that occurred at the relevant times in this cross claim constituted negligence per se.

28.    Cross-Claimant asserts that the wrongful actions of the Cross-Defendants rise to the level of gross negligence, and a claim is hereby asserted for same.

29.    All of the Cross-Defendants had a duty to Cross-Claimant.  That duty was breached. The injury and death that occurred were foreseeable consequences of the Cross-Defendants' breach.

## VI.
## DAMAGES SOUGHT BY ALFRED GREEN

30. Cross-Claimant hereby realleges and incorporates by reference paragraphs 1-29 of this complaint as their fully set forth herein.

31. As the result of the incident in question, and the negligence and gross negligence of the Cross-Defendants as set forth above, Cross-Claimant has suffered the following damages, to wit:

    (a)    Doctor, hospital and pharmaceutical expenses, both past and future;

    (b)    Physical pain and suffering, both past and future;

    (c)    Mental anguish, both past and future;

    (d)    The mental anguish, grief and suffering by Cross-Claimant from watching his wife die at the scene of the wreck;

    (e)    Physical and cognitive impairment and psychological injury, both past and future;

    (f)    Lost of wages and wage-earning capacity and opportunity, both past and future;

    (g)    Disfigurement, past and future; and

    (h)    Loss of enjoyment of life.

32. Cross-Claimant seeks damages according to proof.

## VII.
## DAMAGES SOUGHT BY CROSS-CLAIMANT, AS THE RESULT OF THE WRONGFUL DEATH OF SOPHIA LORRAINE GREEN

33.   Cross-Claimant hereby realleges and incorporates by reference paragraphs 1-29 of this complaint as their fully set forth herein.

34.   As the result of the incident in question, and the negligence and gross negligence of the Cross-Defendants as set forth above, Cross-Claimant, in connection with his claim for the wrongful death of his wife, has suffered the following damages, to wit:

(a)   Mental anguish, grief and bereavement suffered by Cross-Claimant as the     result of the loss of his wife;

(b)   Loss of companionship and society to Cross-Claimant occasioned by the tragic loss of his wife;

(c)   Loss of love, care, comfort, affection, interaction with and support of, according to proof; and

(d)   All other special, economic, non-economic and incidental damages according to proof.

35.   Cross-Claimant seeks damages according to proof.

## VIII.
## SECOND CAUSE OF ACTION FOR WRONGFUL DEATH

36.   Cross-Claimant hereby realleges and incorporates by reference paragraphs 1-29 of this complaint as their fully set forth herein.

37.   Cross-Defendants are liable pursuant to ARS§12-611, et. seq. for wrongful death.

## IX.
## THIRD CAUSE OF ACTION FOR PUNITIVE DAMAGES

38.   Cross-Claimant hereby realleges and incorporates by reference

13

paragraphs 1-29 of this complaint as their fully set forth herein.

39.    In this wrongful death action, the conduct of the Cross-Defendants constitutes extreme and outrageous conduct that displays a conscious disregard for the safety of others and evil mind, entitling Cross-Claimant to an award of punitive/exemplary damages. Further, "aggravating circumstances" are present pursuant to ARS§12-613, based upon which Cross-Claimant is entitled to an award of punitive/exemplary damages.

## X.
## JURY DEMAND

40.    Pursuant to FEDERAL RULE OF CIVIL PROCEDURE NO. 38, Cross-Claimant requests a jury trial for this matter.

## XI.
## AGREEMENT TO AMENDMENT

41.    Counsel of record for all parties herein have agreed to the filing of this First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2).

## XII.
## PRAYER

4142.        WHEREFORE, PREMISES CONSIDERED, Cross-Claimant respectfully requests:

(a)    That he, in both his individual capacity, and in his capacity as the husband and wrongful death beneficiary for Sophia Lorraine Green recover the actual damages sustained by him in each of his capacities, along with punitive damages, pre-judgment and post-judgment interest, costs of suit, and for all other relief as the

14

Court may deem just and proper.

(b)    Recovery of a sum that is reasonable and just for the Cross-Claimant in all capacities in which he has brought this lawsuit;

(c)    For general compensatory damages in a just and reasonable amount to compensate the Cross-Claimant for his loss of consortium;

(d)    For general compensatory damages in a just and reasonable amount to compensate the Cross-Claimant for his suffering, emotional distress, and other emotional damages caused by the loss of his wife;

(e)    For the reasonable value of special damages incurred to date and those to be incurred in the future for reasonable and necessary medical care and attention related to his injuries, and:

    (i)    For the value of all costs incurred by the Cross-Claimant in this lawsuit;

    (ii)    For punitive damages in an amount to be proven at trial;

    (iii)    For court costs incurred herein; and

    (iv)    For such further relief as the court deems just and proper.

(j)    Cross-Claimant further prays that Cross-Defendants Tengfei and Big Brother Transportation, Inc. implement and adequately fund a driver hiring and training program which is designed and adhered to in such a way so as to prevent the type of egregious circumstances that led to a completely needless and unnecessary death. Cross-Defendants Tengfei and Big Brother Transportation, Inc. should be required to immediately correct their inadequate hiring and training practices, and to publicly acknowledge that such corrections and adequate funding for hiring and training improvements have taken place.

15

(k)    Additionally, Cross-Claimant also prays that Cross-Defendant Chen be required to undergo additional driver training and testing before being allowed to continue to drive as a professional truck driver on the public roadways, and among the traveling public.

RESPECTFULLY SUBMITTED this 22nd25th day of JulyAugust, 2021.

**FEDER LAW OFFICE, P.A.**

/s/ *Bruce Feder*
Bruce Feder
Attorney for Cross-Claimant

**BAILEY & GALYEN**

/s/ *Stephen C. Maxwell*
Stephen C. Maxwell
Attorney for Cross-Claimant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd25th day of JulyAugust, 2021, I electronically transmitted Alfred Green's Original Cross-Complaint to the Clerk of the Court via the CM/ECF system for filing.

**COPY** of the foregoing emailed
this 22nd25th day of JulyAugust, 2021 to:

16

**The Honorable John J. Tuchi**

United States District Court

Sandra Day O'Connor U.S. Courthouse, Suite 525

401 West Washington Street, SPC 83

Phoenix, AZ 85003-2161

Phone: (602) 322-7660

Tuchi_Chambers@azd.uscourts.gov

                /s/ *Stephen C. Maxwell*
**Stephen C. Maxwell**
Attorney for Cross-Claimant

17